TAULAFOGA TULISUA, Appellant

v.

OLO LAVEA'I, FUA'AU OLO, and
SE'IGAFOLAVA R. PENE, Appellees

High Court of American Samoa
Appellate Division

AP No. 22-87

October 21, 1988

Before REES, Chief Justice, KING*, Acting Associate Justice, KAY**, Acting Associate Justice, OLO, Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Appellant, Asaua Fuimaono
For Appellee, Togiola T.A. Tulafono

---

* Honorable Samuel P. King, Senior Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

** Honorable Alan C. Kay, Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

REES, C.J.:

Tulisua appeals from a judgment evicting him from a house site or "tulaga fale" on which, during the pendency of this litigation, he has built a house.

His principal quarrel is with the facts found by the trial court. The tulaga fale is on a tract of land called Auali which each side claims as the communal property of its family. Although the action began as a dispute over ownership of all of Auali, just before trial the parties stipulated to limit the case to the tulaga fale. The trial court found that neither side had proved its ownership of the tulaga fale, but that the Olo family had proved a superior right to possession. This conclusion was based on the court's finding that the Olo family had long been in possession and had only recently been ousted by Tulisua. The finding is supported by substantial evidence in the record: it is clear that this tulaga fale was the historic site of several Olo family residences.

Appellant Tulisua contends that since he managed to obtain possession by the time of trial, he has acquired the benefit of a "presumption of ownership" and cannot be evicted by the prior possessor. For reasons well stated in the trial court's opinion denying motion for new trial, this is clearly not the law. Indeed, counsel for appellant seems to concede that one who has long been in possession can sometimes recover possession without proving a title good against the world. Counsel argues, however, that "the doctrine of recovery of prior possession is generally limited to actions against mere trespassers or intruders." This misses the point that a trespasser or intruder is just what the trial court found Tulisua to be.

Tulisua contends on appeal that he "was born on the land and had lived there and is still living there." If he means he has always lived on this particular tulaga fale, he is simply reiterating his unhappiness with the trial court's finding of fact. If, as we suspect, he means he has always lived elsewhere on Auali, this is irrelevant to whether his recent occupation of the small portion now in dispute is an intrusion or trespass.

Finally, appellant complains of being faced with the harsh choice between moving his house from its present location or losing his investment in it. He claims he should have been given the benefit of some equitable remedy such as compensation for the value of the house. Such remedies, however, are available only to "good faith possessors." See, e.g., Fonoti v. Fagaima, 5 A.S.R.2d 158 (1987); Roberts v. Sesepasara, 8 A.S.R.2d 124 (1988). A good faith possessor is one who makes improvements on land in the honest belief that he is the owner.

Knowledge of an adverse claim ordinarily prevents a possessor from being in good faith for the purpose of receiving compensation for improvements upon eviction. A possessor may sometimes be considered a good faith possessor when the true owner has "slept on his rights" or otherwise contributed to a situation in which it would be inequitable to deny compensation. Roberts, supra, slip opinion at 14-15; Leeds v. Penrose, 15 A. 261, 264 (N.J. Ch. 1888). In this case, however, the appellant began construction after he had been fully apprised of the adverse claim; indeed, he had already been served with a complaint seeking his eviction.

The house was built over the repeated verbal objections of appellees, well after suit had been filed and only a few months before the case was tried. The construction of a substantial European-style house in two months would be regarded almost anywhere as exceptionally speedy; by local standards it was dizzying. The project has all the earmarks of a deliberate attempt to affect the outcome of the litigation, undertaken on the usually correct assumption that courts will do almost anything before they will force the removal of a house. Even if appellant Tulisua was merely ignoring the pending lawsuit when he built the house, he did so at his peril. The trial court was well within its discretion in denying him equitable relief.

The parties remain free, of course, to negotiate an agreement for the sale of the house. In order to promote such an agreement, we will extend the deadline set by the trial court for removal of the house to sixty days from the date of this opinion.

In all other respects the judgment of the trial court is affirmed.

It is so ordered.